IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| United States of America *ex rel.* BRIANNA MICHAELS and AMY WHITESIDES,<br><br>        Plaintiffs,<br><br>vs.<br><br>Agape Senior Community Inc; Agape Senior Primary Care Inc; Agape Senior Services Inc; Agape Senior LLC; Agape Management Services Inc; Agape Community Hospice Inc; Agape Nursing and Rehabilitation Center Inc,<br><br>        Defendants. | C/A No. 0:12-cv-03466-JFA<br><br><br>**ORDER** |

## I. INTRODUCTION

The court heard oral argument on all pending motions on December 2, 2013 in this healthcare fraud *qui tam* action. The Complaint alleges, among other things, that Defendants systematically defrauded federal healthcare programs by certifying patients for hospice care, when no such care was needed. Defendants moved to dismiss, pursuant to FRCP 12(b)(6) and FRCP 12(b)(1), all claims asserted ("Motion to Dismiss"), largely on the grounds that the Complaint failed to meet the specificity required in fraud actions under FRCP Rule 9(b). Plaintiffs, in their response to the Motion to Dismiss, moved to amend the Complaint and attached a First Proposed Amended Complaint. Plaintiffs have subsequently submitted a Second Proposed Amended Complaint.[1]

Defendants also moved "To Stay Proceedings Pending Hearing On Motion For An Order

---

[1] Although a technical matter, the court has not granted any motion to amend the Complaint in this action. Plaintiffs submitted the Second Proposed Amended Complaint at the December 2, 2013 motions hearing. The court hereby grants the motion to amend the Complaint and evaluates the sufficiency of the pleadings based on the text of the Second Proposed Amended Complaint.

1

Directing Relators To Surrender Documents For *In Camera* Review And For Further Relief" ("Motion to Stay and for Further Relief"). Plaintiffs have already submitted the documents at issue—medical records of Agape patients—for *in camera* review. The crux of Defendants' Motion to Stay and for Further Relief is that Plaintiff Whitesides, while still an employee of Agape, sent her Agape login credentials to Plaintiff Michaels, a few weeks after Plaintiff Michaels' employment with Agape had been terminated. Plaintiff Michaels then remotely logged in to Agape's electronic database, retrieved the Documents, and printed them out to preserve the Documents. The Documents—medical records—clearly contain private health information. Further, access of and distribution of the Documents to non-employees arguably violates an employment agreement with Agape.

In addition to the Motion to Dismiss pursuant to FRCP 12(b)(6), FRCP 12(b)(1) and FRCP 9(b), Defendants seek the following relief:[2] (1) dismissal of the case for Plaintiffs' allegedly wrongful actions in obtaining the documents; or (2) a stay allowing for discovery related to Plaintiffs' allegedly wrongful actions in obtaining the documents.

## II. DEFENDANTS' MOTION TO STAY AND FOR FURTHER RELIEF

Defendants cite to several statutes that Defendants assert criminalize Plaintiffs' conduct in obtaining the Documents. First, Defendants cite to South Carolina law providing that it is a crime "for a person to wilfully, knowingly, maliciously, and without authorization or for an unauthorized purpose to: (a) directly or indirectly access or cause to be accessed a computer, computer system, or computer network for the purpose of: (i) devising or executing a scheme or artifice to defraud; (ii) obtaining money, property, or services by means of false or fraudulent

---

[2] Defendants previously requested that the documents be submitted for *in camera* review and that the court enjoin Plaintiffs from any further use of the documents "pending the requested *in camera* review and further order of this Court." Those requests are now moot. The requests for relief evolved slightly over the briefing period. This order articulates the requests as presently understood by the court.

pretenses, representations, promises; or (iii) committing any other crime." S.C. Code Ann. § 16-16-20.  "'Unauthorized access'" means access of a computer, computer system, or computer network not explicitly or implicitly authorized by the appropriate principal of the computer, computer system, or computer network." S.C. Code Ann. § 16-16-10.  Defendants also cite to the federal counterpart, the Computer Fraud and Abuse Act, making it criminal to "intentionally access[] a computer without authorization … and thereby obtain[] … information from any protected computer." 18 U.S.C. § 1030.

Defendants next argue that Plaintiffs' actions violate certain provisions of the Health Insurance and Portability Accountability Act, ("HIPAA"), by accessing and disclosing private and confidential patient information.  The court notes the difficulty a *qui tam* plaintiff faces when attempting to comply with HIPAA and other regulations, while also attempting to meet the specificity requirements of FRCP 9(b).  Here, Plaintiffs have made genuine efforts to balance those competing concerns by providing more detail in amended complaints, while also using initials of—not names of—patients.[3]

Plaintiffs first argue that Plaintiffs' conduct did not violate the plain language of any of the criminal provisions cited.  Plaintiffs next argue that the False Claims Act provides relevant exceptions for whistleblowers, but unfortunately does not cite directly to those exceptions in their briefs.  Plaintiffs do cite to a HIPAA exception that allows whistleblowers to disclose otherwise private health information.  However, that exception provides that the disclosure must be made by a "workforce member or business associate" of the relevant organization, to either: (1) a health oversight agency or public health authority; or (2) a retained attorney.  45 C.F.R. § 164.502.  Defendants argue that the exception does not allow Plaintiff Michaels to disclose any documents because her employment with Agape had been terminated at the time the disclosure

---

[3] The Court is aware that such efforts may not be sufficient to comply with HIPAA.

was made. Defendants argue that the exception does not apply to Plaintiff Whitesides because her disclosure was made to Plaintiff Michaels—neither a retained attorney nor a public health authority.

Plaintiffs very well may have violated various computer fraud laws, employment agreements with Agape, and HIPAA. As discussed already, some of those violations may amount to criminal activity. However, the court refuses, under these circumstances, to label relators Whitesides and Michaels as criminals on a civil motion. Plaintiffs' accessing Agape's computer systems and then printing off documents, when one of the two actors is an employee of Agape and the other was an employee of Agape only weeks prior, is not sufficiently egregious conduct to warrant dismissal of the action or a stay of proceedings. *Halaco Eng'g Co. v. Costle*, 843 F.2d 376, 380 (9th Cir. 1988) ("Dismissal under a court's inherent powers is justified in extreme circumstances, in response to abusive litigation practices, and to insure the orderly administration of justice and the integrity of the court's orders.") (citations omitted).

Other mechanisms exist to provide Defendants a remedy, if it is determined that the conduct of Plaintiffs Whitesides and Michaels was in fact wrongful. Defendants may have a private right of action, or several, against Plaintiffs, and the availability of counterclaims in this lawsuit provides adequate protection for the Defendants. *U.S. ex rel. Madden v. Gen. Dynamics Corp.*, 4 F.3d 827, 831 (9th Cir. 1993) ("[S]ome mechanism must be permitted to insure that relators do not engage in wrongful conduct in order to create the circumstances for qui tam suits and to discourage relators from bringing frivolous actions. Counterclaims for independent damages serve these purposes."); *U.S. ex rel. Battiata v. Puchalski*, 906 F. Supp. 2d 451, 460 (D.S.C. 2012) ("a qui tam defendant may assert claims for independent damages, meaning damages that would exist regardless of defendant's liability on the qui tam action unless those

damages have the effect of indemnification or contribution the issue of effect being one which normally cannot be resolved until after the conclusion of the qui tam litigation."). Indeed, the court believes that the best course of action here is for the Defendants to file any appropriate counterclaims it may have, or to report the alleged criminal activity to the proper authorities.

### III. DEFENDANTS' MOTION TO DISMISS PURSUANT TO FRCP 12(b)(6), FRCP 12(b)(1), AND FRCP 9(b)

Defendants move to dismiss, pursuant to FRCP 12(b)(6) and FRCP 12(b)(1), the Complaint and the First Proposed Amended Complaint, largely on the grounds that Plaintiffs have not met the heightened pleading standard of FRCP 9(b). That rule provides:

> In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally."

Fed. R. Civ. P. 9. The court has reviewed the Second Proposed Amended Complaint and determined, provisionally, that Plaintiffs have met their heightened burden under FRCP 9(b) with regard to the following causes of action: the First Cause of Action; the Second Cause of Action; and the Third Cause of Action.[4] The Fourth Cause of Action, for retaliatory discharge, brought by Plaintiff Michaels only, has also been sufficiently pled pursuant to FRCP 12(b)(6) in the Second Proposed Amended Complaint. However, that particular version of the pleading was not discussed in the briefs of the parties.[5] The court, therefore, will allow Defendants twenty-one days to file supplemental briefing showing why those four causes of action, as alleged in the Second Proposed Amended Complaint, should be dismissed. Plaintiffs shall have fourteen days from the submission of Defendants' supplemental briefing to file any response.

The court hereby dismisses the remaining causes of action. The Fifth Cause of Action—

---

[4] The court expresses some skepticism as to the sufficiency of the Third Cause of Action, primarily because the court has not located a specific allegation of an agreement among the alleged conspirators.
[5] Defendants indicated at oral argument that they had only briefly reviewed the Second Proposed Amended Complaint prior to oral argument.

wrongful discharge in violation of public policy—is dismissed because of the availability of a federal remedy: the Fourth Cause of Action. *Dockins v. Ingles Markets, Inc.*, 306 S.C. 496, 498 (S.C. 1992) ('When a statute creates a substantive right and provides a remedy for infringement of that right, the plaintiff is limited to that statutory remedy. We hold this applies when the right is created by federal law as well as state law.") (citation omitted). The Sixth and Seventh Causes of Action—for violations of the Anti-Kickback Statute and the Healthcare Fraud Statute—are dismissed because those are federal criminal statutes without a private cause of action. *Donovan v. Rothman*, 106 F. Supp. 2d 513, 516 (S.D.N.Y. 2000) ("There is no private cause of action to redress violations of the federal anti-kickback statute, 42 U.S.C. § 1320a–7b(b), the infraction of which is a crime."); *Jason v. Grp. Health Co-op. Inc.*, 12-35070, 2013 WL 3070592 (9th Cir. June 20, 2013) ("[T]here is no private right of action under 18 U.S.C. § 1347…."). The Eighth Cause of Action—for Fraud, Suppression, and Deceit—is dismissed because these are common law claims asserted on behalf of the United States government. *U.S. ex rel. Rockefeller v. Westinghouse Elec. Co.*, 274 F. Supp. 2d 10, 14 (D.D.C. 2003) *aff'd sub nom. Rockefeller ex rel. U.S. v. Washington TRU Solutions LLC*, 03-7120, 2004 WL 180264 (D.C. Cir. Jan. 21, 2004) ("A relator in a qui tam FCA action does not have standing to assert common law claims based upon injury sustained by the United States.").

### IV. CONCLUSION

The court denies Defendants' Motion to Stay and for Further Relief (ECF No. 28). Defendants may, within twenty-one days of the date of this order, submit supplemental briefing related to Defendants' Motion to Dismiss (ECF No. 24) and the First, Second, Third, and Fourth

Causes of Action, as pled in the Second Proposed Amended Complaint.[6] If no such submission is made, the court will deny Defendants' Motion to Dismiss as to those causes of action. Plaintiffs shall have fourteen days from the submission of Defendants' supplemental briefing to file any response. The court dismisses the Fifth, Sixth, Seventh, and Eighth Causes of Action, as pled in the Second Proposed Amended Complaint, *without prejudice*.

IT IS SO ORDERED.

December 5, 2013  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge

---

[6] The court orders Plaintiffs to file the Second Proposed Amended Complaint, in the form submitted to the court at the December 2, 2013 motions hearing. The Second Proposed Amended Complaint should show on the court's docket as "Amended Complaint."