IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| United States of America *ex rel.* BRIANNA MICHAELS and AMY WHITESIDES,<br><br>　　　　Relators,<br><br>vs.<br><br>AGAPE SENIOR COMMUNITY, INC.; AGAPE SENIOR PRIMARY CARE, INC.; AGAPE SENIOR SERVICES, INC.; AGAPE SENIOR, LLC; AGAPE MANAGEMENT SERVICES, INC.; AGAPE COMMUNITY HOSPICE, INC.; AGAPE NURSING AND REHABILITATION CENTER, INC. d/b/a AGAPE REHABILITATION OF ROCK HILL a/k/a AGAPE SENIOR POST ACUTE CARE CENTER – ROCK HILL a/k/a EBENEZER SENIOR SERVICES, LLC; AGAPE SENIOR FOUNDATION, INC.; AGAPE COMMUNITY HOSPICE OF ANDERSON, INC.; AGAPE HOSPICE OF THE PIEDMONT, INC.; AGAPE COMMUNITY HOSPICE OF THE GRAND STRAND, INC.; AGAPE COMMUNITY HOSPICE OF THE PEE DEE, INC.; AGAPE COMMUNITY HOSPICE OF THE UPSTATE, INC.; AGAPE HOSPICE HOUSE OF HORRY COUNTY, INC.; AGAPE HOSPICE HOUSE OF LAURENS, LLC; AGAPE HOSPICE HOUSE OF THE LOW COUNTRY, INC.; AGAPE HOSPICE HOUSE OF THE PIEDMONT, INC.; AGAPE REHABILITATION OF CONWAY, INC.; AGAPE SENIOR SERVICES FOUNDATION, INC.; AGAPE THERAPY, INC.; AGAPE HOSPICE; HOSPICE PIEDMONT; HOSPICE ROCK HILL; and CAROLINAS COMMUNITY HOSPICE, INC.,<br><br>　　　　Defendants. | C/A No. 0:12-cv-03466-JFA<br><br><br><br><br><br>**ORDER** |

1

## I. INTRODUCTION

The court has heard oral argument twice and received numerous briefs related to the sufficiency of the Complaint in this healthcare fraud *qui tam* action. The Complaint alleges, among other things, that Defendants systematically defrauded federal healthcare programs by falsely certifying patients for certain hospice care, when hospice care was not appropriate. Defendants moved to dismiss, pursuant to FRCP 12(b)(6) and FRCP 12(b)(1), all claims asserted, largely on the grounds that the Complaint failed to meet the specificity required in fraud actions under FRCP 9(b). Relators, in their response to the Motion to Dismiss, moved to amend the Complaint and attached a First Proposed Amended Complaint. Plaintiffs subsequently submitted a Second Proposed Amended Complaint. The court partially granted Defendants' Motion to Dismiss, dismissing the fifth, sixth, seventh, and eighth cause of action, *without prejudice*, and granted the motion to amend the Complaint. (ECF No. 48).

After the second hearing—regarding the sufficiency of the First Amended Complaint—Plaintiffs submitted additional evidence that bolstered the allegations of the Complaint. The court instructed Plaintiffs to file another motion to amend the Complaint. Defendants opposed the motion, and renewed their motion to dismiss the Complaint on essentially the same grounds previously argued. (ECF No. 76). For the following reasons, the court grants Plaintiff's Second Motion to Amend the Complaint (ECF No. 75) and denies the remainder of Defendant's Motion to Dismiss (ECF No. 24; ECF No. 76).

## II. DISCUSSION

The application of the standard in *U.S. ex rel. Nathan v. Takeda Pharm. N. Am., Inc.*, 707 F.3d 451 (4th Cir. 2013) is critical in this case. In *Nathan*, the Fourth Circuit set the following standard for evaluating the sufficiency of pleadings in *qui tam* suits, as it relates to the

presentment of false claims:

> [W]e hold that when a defendant's actions, as alleged and as reasonably inferred from the allegations, could have led, but need not necessarily have led, to the submission of false claims, a relator must allege with particularity that specific false claims actually were presented to the government for payment. To the extent that other cases apply a more relaxed construction of Rule 9(b) in such circumstances, we disagree with that approach.

*U.S. ex rel. Nathan v. Takeda Pharm. N. Am., Inc.*, 707 F.3d 451, 457-58 (4th Cir. 2013). Admittedly, the wording of the *Nathan* standard is circuitous. Because a petition for certiorari is pending in *Nathan*, the court has the benefit of the Solicitor General's understanding of the holding in *Nathan*, as well as the Solicitor General's understanding of where *Nathan* fits in a circuit split on the issue of the pleading standard in False Claims Act cases.

The Solicitor General's brief opposing certiorari confirms the court's prior understanding of the *Nathan* standard. The Solicitor General described the circuit split as follows:

> [L]ower courts have reached inconsistent conclusions about the precise manner in which a qui tam relator may satisfy the requirements of Rule 9(b). Several courts of appeals have correctly held that a qui tam complaint satisfies Rule 9(b) if it contains detailed allegations supporting a plausible inference that false claims were submitted to the government, even if the complaint does not identify specific requests for payment. Other decisions, however, have articulated a per se rule that a relator must plead the details of particular false claims - that is, the dates and contents of bills or other demands for payment - to overcome a motion to dismiss.

Brief for the United States as Amicus Curiae, *U.S. ex rel. Nathan v. Takeda Pharm. N. Am., Inc.*, 707 F.3d 451 (4th Cir. 2013), *petition for cert. filed*, 81 U.S.L.W. 3650 (May 10, 2013) (No. 12-1349), 2014 WL 709660 at *10. Most importantly, the Solicitor General concluded that "[t]he … Fourth Circuit[] ha[s] also declined to adopt a per se rule requiring relators to plead specific false claims." *Id*. at 12. The court agrees. The court understands the holding in *Nathan* to allow for a relator to satisfy the specificity requirements of Rule 9(b) by alleging "specific false claims actually … presented to the government for payment." *Nathan*, 707 F.3d 451, 457-58.

However, a relator may also satisfy the *Nathan* standard by alleging a reasonable inference that false claims were necessarily submitted to the government.[1]  *Id*.  The court notes that the *Nathan* standard is more strict than the most lenient standards adopted by other courts of appeals, and more lenient that the most strict standards adopted by other courts of appeals.

Defendants argue that "the Fourth Circuit affirmed its position on [*Nathan's*] standard in a published opinion."  (ECF No. 72, p. 2).  Citing to *U.S. ex rel. Rostholder v. Omnicare, Inc.*, 12-2431, 2014 WL 661351 (4th Cir. Feb. 21, 2014), Defendants argue that *Rostholder* reinforces *Nathan's* "exacting standards for False Claims Act (FCA) filings."  (ECF No. 72, p.2).  The court disagrees.  *Rostholder* cites *Nathan* twice.  The first citation to *Nathan* immediately follows this sentence: "[w]e review de novo the district court's dismissal of relator's complaint under Rule 12(b)(6)."  *Rostholder*, 12-2431, 2014 WL 661351 at *4.  The second citation to *Nathan* is in footnote 8:

> Because we conclude that relator failed to plead the existence of a false statement and the scienter required for an FCA claim, we do not address Omnicare's alternative argument that relator did not allege the presentment of a false claim with particularity under Federal Rule of Civil Procedure 9(b) and our decision in *Nathan*, 707 F.3d 451.

*Id*. at 6, n.8.  In this court's view, a citation to *Nathan* for the de novo standard of review on appeal does not "affirm" the pleading standard in *Nathan*.  Moreover, footnote 8 makes clear that the *Rostholder* court did not at all rely on *Nathan's* standard related to the specificity of the presentment of false claims required under FRCP 9(b) in *qui tam* actions.

Because the Fourth Circuit has not adopted the per se rule requiring relators to plead the

---

[1] "In [*Nathan*], the Fourth Circuit endorsed the results in *Grubbs* and *Duxbury* and indicated that a relator need not identify particular false claims when 'specific allegations of the defendant's fraudulent conduct necessarily [lead] to the plausible inference that false claims were presented to the government.'"  Brief for the United States as Amicus Curiae, *U.S. ex rel. Nathan v. Takeda Pharm. N. Am., Inc.,* 707 F.3d 451 (4th Cir. 2013), *petition for cert. filed*, 81 U.S.L.W. 3650 (May 10, 2013) (No. 12-1349), 2014 WL 709660 at *12 (citations omitted).

4

presentment of specific false claims, the court examines the Second Amended Complaint (ECF No. 74) for a reasonable inference that Defendants necessarily submitted false claims to the government.  *Nathan*, 707 F.3d 451, 457-58.  The court also considers allegations of "specific false claims actually presented to the government for payment."  *Id*.  Relators have met their burden to survive Defendant's Motion to Dismiss with regard to the first, second, third and fourth causes of action, as pleaded in the Second Amended Complaint.

### III. CONCLUSION

The court grants Relators' Second Motion to Amend the Complaint.  (ECF No. 75).  The court denies Defendants' Motion to Dismiss (ECF No. 24; ECF No. 76) as to the First, Second, Third, and Fourth Causes of Action, as pleaded in the Second Amended Complaint.  The court previously dismissed the Fifth, Sixth, Seventh, and Eighth Causes of Action, as pleaded in the Second Proposed Amended Complaint, *without prejudice*.  Relators have again included those causes of action in the Second Amended Complaint, but have not offered any authority disputing the court's prior dismissal of those causes of action.  For the reasons stated in ECF No. 48, the court, therefore, dismisses the Fifth, Sixth, Seventh, and Eighth Causes of Action, as pleaded in the Second Amended Complaint, *with prejudice*.  A scheduling order will be entered forthwith.

IT IS SO ORDERED.

March 28, 2014  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge