IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| United States of America *ex rel.* BRIANNA MICHAELS and AMY WHITESIDES,<br><br>   Relators,<br><br>vs.<br><br>AGAPE SENIOR COMMUNITY, INC.; AGAPE SENIOR PRIMARY CARE, INC.; AGAPE SENIOR SERVICES, INC.; AGAPE SENIOR, LLC; AGAPE MANAGEMENT SERVICES, INC.; AGAPE COMMUNITY HOSPICE, INC.; AGAPE NURSING AND REHABILITATION CENTER, INC. d/b/a AGAPE REHABILITATION OF ROCK HILL a/k/a AGAPE SENIOR POST ACUTE CARE CENTER – ROCK HILL a/k/a EBENEZER SENIOR SERVICES, LLC; AGAPE SENIOR FOUNDATION, INC.; AGAPE COMMUNITY HOSPICE OF ANDERSON, INC.; AGAPE HOSPICE OF THE PIEDMONT, INC.; AGAPE COMMUNITY HOSPICE OF THE GRAND STRAND, INC.; AGAPE COMMUNITY HOSPICE OF THE PEE DEE, INC.; AGAPE COMMUNITY HOSPICE OF THE UPSTATE, INC.; AGAPE HOSPICE HOUSE OF HORRY COUNTY, INC.; AGAPE HOSPICE HOUSE OF LAURENS, LLC; AGAPE HOSPICE HOUSE OF THE LOW COUNTRY, INC.; AGAPE HOSPICE HOUSE OF THE PIEDMONT, INC.; AGAPE REHABILITATION OF CONWAY, INC.; AGAPE SENIOR SERVICES FOUNDATION, INC.; AGAPE THERAPY, INC.; AGAPE HOSPICE; HOSPICE PIEDMONT; HOSPICE ROCK HILL; and CAROLINAS COMMUNITY HOSPICE, INC.,<br><br>   Defendants. | C/A No. 0:12-cv-03466-JFA<br><br><br><br><br><br>**ORDER** |

1

On December 7, 2012, Relators Brianna Michaels and Amy Whitesides ("Relators") filed their initial Complaint against Defendants for damages and other relief under the False Claims Act, the Anti-Kickback Statute, and Health Care Fraud Statute alleging that Defendants orchestrated a widespread and fraudulent scheme of submitting false claims to the government seeking reimbursement for hospice-related services. There are approximately 60,000 claims at issue.

At a hearing on October 10, 2014, the court suggested conducting a bellwether trial as to 100 allegedly false claims. In a bellwether trial, a sample of cases large enough to yield reliable results is tried to a jury, then the remaining case is tried, or additional bellwether trials are conducted. The outcome of a bellwether trial can be beneficial for litigants who desire to settle such claims by providing information on the value of the cases as reflected by the jury verdict in the bellwether trial.

At a status conference on December 8, 2014, to discuss the 100 claims, both parties appeared amenable to the bellwether trial with certain qualifications. Defendants suggested a random sampling pool for the bellwether trial, in line with the typical bellwether trial process. The Relators suggested a pooling of claims from five categories, therefore, not a random sampling but a sample that illustrates the universe of the allegedly false claims.

The Relators informed the court that they have identified allegedly false claims surrounding approximately 95 patients, and continue to identify patients/false claims through the discovery process. Defendants agreed to go ahead try these 95 patients for trial. It is the court's understanding that the Defendants did not agree to subsequent trials after the bellwether trial. Essentially, the Defendants requested the court to treat this case like any other case and try only the allegedly false claims that the Relators have identified, *i.e.* the claims surrounding the 95

patients. The court construes Defendants argument as an objection to the bellwether trial process since the Defendants would like only the claims surrounding the 95 patients to be tried, and no subsequent trials to follow.

The court holds that this case would benefit from an informational bellwether trial process. The court hereby orders that the allegedly false claims surrounding the approximate 95 patients will go to trial in May 2015 as an informational bellwether trial. The current discovery deadline of December 23, 2014 found in the Formal Scheduling Order, ECF No. 90, shall apply to these 95 patients. Further, the Relators shall identify their experts and the 95 patients by Friday, December 12, 2014. Thereafter, the Defendants have 10 days to identify their experts. While preparing for a bellwether trial on these 95 patients, the Relators shall continue to prepare for the subsequent trial on the remaining claims. Such discovery shall be completed by July 1, 2015 and the subsequent trial will go to trial in the September/October 2015 term of court. Any dispositive motions must be filed in accordance with the existing deadline in the Formal Scheduling Order.

IT IS SO ORDERED.

December 10, 2014                                   Joseph F. Anderson, Jr.
Columbia, South Carolina                            United States District Judge