IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| United States of America *ex rel.* BRIANNA MICHAELS and AMY WHITESIDES,<br><br>   Relators,<br><br>vs.<br><br>AGAPE SENIOR COMMUNITY, INC.; AGAPE SENIOR PRIMARY CARE, INC.; AGAPE SENIOR SERVICES, INC.; AGAPE SENIOR, LLC; AGAPE MANAGEMENT SERVICES, INC.; AGAPE COMMUNITY HOSPICE, INC.; AGAPE NURSING AND REHABILITATION CENTER, INC. d/b/a AGAPE REHABILITATION OF ROCK HILL a/k/a AGAPE SENIOR POST ACUTE CARE CENTER – ROCK HILL a/k/a EBENEZER SENIOR SERVICES, LLC; AGAPE SENIOR FOUNDATION, INC.; AGAPE COMMUNITY HOSPICE OF ANDERSON, INC.; AGAPE HOSPICE OF THE PIEDMONT, INC.; AGAPE COMMUNITY HOSPICE OF THE GRAND STRAND, INC.; AGAPE COMMUNITY HOSPICE OF THE PEE DEE, INC.; AGAPE COMMUNITY HOSPICE OF THE UPSTATE, INC.; AGAPE HOSPICE HOUSE OF HORRY COUNTY, INC.; AGAPE HOSPICE HOUSE OF LAURENS, LLC; AGAPE HOSPICE HOUSE OF THE LOW COUNTRY, INC.; AGAPE HOSPICE HOUSE OF THE PIEDMONT, INC.; AGAPE REHABILITATION OF CONWAY, INC.; AGAPE SENIOR SERVICES FOUNDATION, INC.; AGAPE THERAPY, INC.; AGAPE HOSPICE; HOSPICE PIEDMONT; HOSPICE ROCK HILL; and CAROLINAS COMMUNITY HOSPICE, INC.,<br><br>   Defendants. | C/A No. 0:12-cv-03466-JFA<br><br><br><br>**ORDER** |

This matter is before the court on Defendants' Motion *in Limine* to Exclude Untimely Disclosed Expert Witness, ECF No. 227. In the Motion *in Limine*, the Defendants argue that this Court ordered Relators to "identify" their expert witnesses by December 12, 2014, and that the Relators' expert Dr. Rebecca Yamarik, who was identified on December 17, 2014, was untimely disclosed and that she should be excluded as an expert witness. The Court respectfully disagrees with Defendants and refers Defendants to the following chronological recap of court ordered deadlines to confirm that the expert witness disclosure deadline is January 19, 2015.

On May 5, 2014, this Court issued a Formal Scheduling Order setting forth deadlines for the disclosure of expert witnesses, including the deadline for Relators to make expert disclosures on or before August 11, 2014. The Court stayed this deadline while deciding the issue of statistical sampling. At a hearing on December 8, 2014, the Court ordered that the alleged false claims be tried via a bellwether proceeding rather than by sampling. Plaintiffs informed the Court that they had identified approximately 95 patients for the bellwether and were continuing to identify patients and false claims through the discovery process. On December 10, 2014, this Court memorialized the discussions in the December 8, 2014 hearing, and issued an order directing Relators to identify their experts and the 95 patients by Friday, December 12, 2014.

On December 11, 2014, this Court issued an order in response to Defendants' Motion for Clarification of the Court's December 10, 2014 Order Setting Additional Deadlines. The Court's December 11 Order modified certain deadlines, including Relators' deadline for the disclosure of expert witnesses. Specifically, the Court set the following deadline,

> 2. By December 23, 2014, Relators shall provide expert findings and/or reports and shall file and serve the witness disclosures required by Rule 26(a)(2)(B) and (C) with respect to the alleged false claims surrounding the approximate 95 patients set for trial in May 2015[.]

The Court further clarified the extension of this deadline in a footnote, stating

> In the December 10, 2014 Order, the Court ordered, "the Relators shall identify their experts and the 95 patients by Friday, December 12, 2014. Thereafter the Defendants have 10 days to identify their experts." The court set such deadlines based on the representations by both parties at the status conference on December 8, 2014. However, as requested by Defendants, the Relators deadline to identify experts and comply with Rule 26(a)(2)(B) and (C) is now December 23, 2014. Further, as requested by Defendants, the Defendants deadline to identify experts and comply with Rule 26(a)(2)(B) and (C) is now January 23, 2015.

After the Court issued the December 11 Order, Relators filed a Motion for Reconsideration essentially requesting an extension of the deadlines. On December 15, 2014, the parties appeared before this Court to discuss the Motion for Reconsideration. At this hearing, it was clear that Relators were concerned about meeting the currently imposed deadlines due to the numerous discovery disputes between the parties. Immediately after the hearing, this Court entered a minute entry informing the parties that an amended scheduling order will be entered. On December 16, 2014, the Court entered an Amended and Final Scheduling Order extending the deadlines for the disclosure of expert witnesses by stating

> 1. Expert Witness Disclosures: . . . The parties shall file and serve the witness disclosures required by Rule 26(a)(2)(B) and (C) by the following dates:
>
>   Relators:     **January 19, 2015**
>   Defendant:   **February 18, 2015**

The Relators represent to the Court that on December 12, 2014, they served their Rule 26(a)(2) Disclosure of Expert Witnesses on Defendants for their known experts at that time, and on December 17, 2014, they served their Amended Disclosure of Expert Witnesses on Defendants which included the addition of Dr. Rebecca Yamarik.

The Defendants essentially argue that identifying the expert and providing the expert report is different in the present controversy because of the court directing Relators to "identify" the expert witnesses by December 12, 2014, and provide the "expert witness disclosures" by the January 19, 2015 deadline imposed by the Amended and Final Scheduling Order. If the Court

3

sustained Defendants argument and enforced the December 12, 2014 deadline, then the deadline of January 19, 2015 would be a nullity because Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure requires the disclosure of the expert witness to be accompanied by a written report. Whether the Court uses the term "identify" or "disclose" or "name" when discussing the expert witness, Rule 26(a)(2) still applies.

It is clear that Relators expert witness disclosure of Dr. Rebecca Yamarik is within the January 19, 2015 deadline set by the Court in the Amended and Final Scheduling Order.[1] Accordingly, Dr. Rebecca Yamarik's expert testimony should not be excluded. The Defendants'' Motion *in Limine* to Exclude Untimely Disclosed Expert Witness, ECF No. 227, is DENIED.

IT IS SO ORDERED.

January 8, 2015  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge

---

[1] It also appears that this expert witness disclosure was within the previous December 23, 2014 deadline established in the December 11, 2014 Order.

4