IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| United States of America *ex rel.* BRIANNA MICHAELS and AMY WHITESIDES,<br><br>　　　　　Relators,<br><br>vs.<br><br>AGAPE SENIOR COMMUNITY, INC.; AGAPE SENIOR PRIMARY CARE, INC.; AGAPE SENIOR SERVICES, INC.; AGAPE SENIOR, LLC; AGAPE MANAGEMENT SERVICES, INC.; AGAPE COMMUNITY HOSPICE, INC.; AGAPE NURSING AND REHABILITATION CENTER, INC. d/b/a AGAPE REHABILITATION OF ROCK HILL a/k/a AGAPE SENIOR POST ACUTE CARE CENTER – ROCK HILL a/k/a EBENEZER SENIOR SERVICES, LLC; AGAPE SENIOR FOUNDATION, INC.; AGAPE COMMUNITY HOSPICE OF ANDERSON, INC.; AGAPE HOSPICE OF THE PIEDMONT, INC.; AGAPE COMMUNITY HOSPICE OF THE GRAND STRAND, INC.; AGAPE COMMUNITY HOSPICE OF THE PEE DEE, INC.; AGAPE COMMUNITY HOSPICE OF THE UPSTATE, INC.; AGAPE HOSPICE HOUSE OF HORRY COUNTY, INC.; AGAPE HOSPICE HOUSE OF LAURENS, LLC; AGAPE HOSPICE HOUSE OF THE LOW COUNTRY, INC.; AGAPE HOSPICE HOUSE OF THE PIEDMONT, INC.; AGAPE REHABILITATION OF CONWAY, INC.; AGAPE SENIOR SERVICES FOUNDATION, INC.; AGAPE THERAPY, INC.; AGAPE HOSPICE; HOSPICE PIEDMONT; HOSPICE ROCK HILL; and CAROLINAS COMMUNITY HOSPICE, INC.,<br><br>　　　　　Defendants. | C/A No. 0:12-cv-03466-JFA<br><br><br><br><br><br><br><br>**ORDER** |

This matter comes before the Court on the United States' motion to file under seal the United States' Response to Defendants' Motion to Enforce Settlement Agreement and Dismiss with Prejudice as to the United States (the "United States' Response"). The Defendants' Motion detailed a proposed settlement agreement, which has not been made public and will not be made public until such settlement agreement is consummated.

For the reasons the Court allowed the Defendants to file its motion under seal, the Court grants the United States' motion to seal its response, ECF No. 274. Parties are entitled to conduct negotiations in confidence. Confidential information appears throughout the Defendants' Motion and the United States' Response—rendering redaction impractical. Further, the Defendants' Motion and the United States' Response and the attachments do not relate to any historical public event; therefore, there is no question of whether the release of the sealed documents would enhance the public's understanding of an important historical event. Finally, cases in which sealing has been denied have involved strong public interest; however, no such countervailing public interest outweighs the interest of the parties in the confidentiality of their negotiations.

Public notice of the request to seal and opportunity to object is afforded by virtue of the publicly filed motion to seal. No objections have been filed to the motion to seal. Accordingly, the Court finds persuasive the arguments of the Government in favor of sealing the document. The confidential nature of the status of settlement in the documents at issue requires that the United States' Response be sealed.

IT IS SO ORDERED.

May 18, 2015                                  Joseph F. Anderson, Jr.
Columbia, South Carolina                      United States District Judge